IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

JOSHUA HAUSFELD
9300 Crimson Leaf Terrace
Potomac, Maryland 20854

    Plaintiff,

v.                                                                                      Civil Case No. _____

LOVE FUNDING CORPORATION
1250 Connecticut Avenue, NW
Suite 310
Washington, DC 20036

Serve: CT Corporation System
      (Registered Agent)
      1015 15th Street NW
      Suite 1000
      Washington DC 20005

    Defendant.

## COMPLAINT

Plaintiff, Joshua Hausfeld ("Plaintiff"), by and through his attorneys, Jeffrey M. Schwaber, Deanna L. Peters, and Stein Sperling Bennett De Jong Driscoll PC, hereby sues and demands judgment against Love Funding Corporation ("Defendant"), stating as follows:

## INTRODUCTION

Defendant employed Plaintiff for more than three years as a Loan Originator. While Defendant paid Plaintiff a minimal base salary, the vast lion's share of Plaintiff's compensation took the form of "Production Commissions," which were calculated as a scheduled percentage of fees that Defendant received upon closing of loans that Plaintiff originated. Plaintiff achieved great success in his position as Loan Originator, generating substantial fees for Defendant. By the Spring of 2013, Plaintiff was on target to achieve his highest origination level, with millions of dollars of loan fees in the pipeline. In a flagrant and transparent effort to capture for itself a

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

1

windfall retention of those dollars, Defendant precipitously terminated Plaintiff's employment and thereafter declared that Plaintiff somehow had forfeited his earned entitlement to his Production Commission wages. Defendant thus has deprived Plaintiff of the principal component of his employment compensation, which served as an inducement for accepting a Loan Originator position with Defendant.

## PARTIES

1. Defendant is, and has been at all times relevant hereto, a corporation organized and existing under the laws of the Commonwealth of Virginia. By, among other things, marketing its services and lending to borrowers in the State of Maryland, Defendant carries on a regular business in the State of Maryland, including in Montgomery County, and has transacted many deals in the State of Maryland.

2. Plaintiff is, and has been at all times relevant hereto, an individual who is domiciled in the State of Maryland. Plaintiff was employed by Defendant first as a Senior Underwriter and then as a Loan Originator from March 27, 2006 through May 6, 2013.

3. Plaintiff conducted many of his employment activities from within the State of Maryland. Defendant allowed Plaintiff to work from his home office in Montgomery County, wherefrom Plaintiff initiated necessary telephone calls and electronic mail correspondence, and performed other computer and research functions, that were central to performing his employment duties. Defendant issued Plaintiff a mobile communication device with a Maryland phone number. As a Loan Originator, Plaintiff originated loans for borrowers located within the State of Maryland, and, at Defendant's instruction, conducted employment activities, such as site visits and meetings, at various borrowers' premises in Maryland. Throughout Plaintiff's employment, and at Defendant's instruction and/or encouragement, Plaintiff maintained

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

memberships in Maryland organizations though which Plaintiff marketed and identified business contacts and transactional leads for Defendant's business. Plaintiff attended a variety of professional association annual meetings and/or conferences in Maryland, including the Eastern Lenders Association, the Health Facilities Association of Maryland and the Maryland Center for Assisted Living. Defendant sponsored many of these functions, and paid for Plaintiff's participation in all of them.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to Md. Code Ann., *Cts. & Jud. Proc.*, § 6-103(b)(1), (2), and/or (4).

5. Venue is proper pursuant to Md. Code Ann., *Cts. & Jud. Proc.*, § 6-201 and/or § 6-202(3).

## FACTS

6. By providing Federal Housing Administration ("FHA") full-insurance loan financing, Defendant offers refinance, construction, rehabilitation, and acquisition financing programs for multifamily and affordable housing, healthcare facilities and hospitals across the country. Defendant operates through its employees in its separate loan origination, underwriting and closing departments, respectively, to identify potential borrowers and develop potential loan terms, obtain FHA loan commitments, and close loans.

7. In or about March of 2006, Plaintiff commenced employment as a Senior Underwriter in Defendant's underwriting department. In that position, Plaintiff compiled, processed and submitted firm application packages to the FHA on behalf of Defendant's clients by, among other things, analyzing financial statements, reviewing third party reports such as appraisals and property condition reports, pulling credit reports, writing credit memos, preparing

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

HUD forms, and organizing all of the necessary exhibits and documents required for a HUD application.

8. Plaintiff's initial pay structure was a base salary, with a discretionary bonus potential maximized at 37.5% of Plaintiff's base salary.

9. On or about April 14, 2010, after four (4) years of employment as a Senior Underwriter, Plaintiff executed an Employment Agreement with Defendant, wherein Defendant transitioned Plaintiff to a position of Loan Originator.

10. For more than three years, Plaintiff performed work as a Loan Originator. His primary duties in that role were to identify potential borrowers and, after conducting initial due diligence, quote them terms of a transaction and secure a signed engagement letter. After doing so, pursuant to Defendant's policies, procedures, and internal organization, Plaintiff turned over the loan files that he originated to Defendant's underwriting and closing departments, respectively, for loan commitment and closing procedures.

11. Plaintiff's principal compensation as Loan Originator—beyond a modest base salary—took the form of "Production Commissions" generated from loans that were originated for Defendant by Plaintiff. Specifically, the Employment Agreement promised payment of Production Commissions once Plaintiff generated an "Annual Production" (*i.e.*, cumulative fees earned and received by Defendant for loans originated by Plaintiff) of at least $225,000 per year for years 2010 and 2011, and $200,000 for years 2012 and 2013.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

12.  Plaintiff's Production Commissions were promised upon the following schedule:

| **Cumulative Total "Annual Production"** | **Percentage AP Bonus** |
| --- | --- |
| $0 – Base Salary Cover | 0.0% |
| Next $100,000 | 25.0% |
| Next $100,000 | 30.0% |
| Next $100,000 | 35.0% |
| Next increment to $1,000,000 | 45.0% |
| $1,000,000 – infinity | 55.0% |

13.  The Production Commissions were paid to Plaintiff quarterly in arrears after Defendant received its fees upon closing of the loans Plaintiff originated. Compared with Plaintiff's modest base salary, the Production Commissions formed the most significant part of the inducement for Plaintiff's acceptance of the Loan Originator position with Defendant.

14.  Plaintiff quickly demonstrated great success in his position as Loan Originator. By 2012, Plaintiff became Defendant's #2 producer nationwide, generating a Cumulative Total Annual Production of more than $5 Million.

15.  As a result of the Annual Production that he generated, by 2012, Plaintiff's Production Commission compensation was $2,538,868—an amount which was more than twenty-five times greater than his base salary. Proceeding into year 2013, Plaintiff projected that his Production Commission compensation would at least equal—and more likely exceed—his 2012 Production Commission compensation.

16.  Plaintiff's loan originations during the first quarter of 2013 bore out his expectations. By the end of the first quarter, Plaintiff already had originated sufficient loans to generate an Annual Production that exceeded his "Base Salary Cover," as defined in the Employment Agreement. By the beginning of May of 2013, Plaintiff had transferred several additional loan files to Defendant's underwriting and closing departments, with the expectation

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

that such loans would close in the second, third and fourth quarters of 2013. Plaintiff projected those loans to generate at least $3,896,742 toward his Cumulative Total Annual Production for 2013.

17. With the loans that Plaintiff had originated closing, or proceeding to closing, and with millions of dollars of Annual Production in the pipeline, Defendant knew that it owed seven-figure compensation to Plaintiff, which would need to be paid as soon as the originated transactions closed and funded. As a result, and in order to avoid that payment, Defendant precipitously terminated Plaintiff's employment on May 6, 2013.

18. At the time of Plaintiff's termination, Defendant owed Plaintiff Production Commissions for certain loans that Plaintiff originated and that had closed, which loans generated an Annual Production exceeding $500,000. Upon information and belief, since the time of Plaintiff's termination through the date of filing of this lawsuit, additional loans that Plaintiff originated have closed, resulting in additional Annual Production exceeding $2,800,000. Upon information and belief, even more loans that Plaintiff originated will close during the end of 2013 or the beginning of 2014, generating still additional Annual Production exceeding $400,000.

19. Defendant nevertheless, without basis, has failed and refused to pay, and otherwise has communicated an intention to withhold, Plaintiff's Production Commission compensation—totaling at least $1,896,336—for the aforementioned loans. In addition, Defendant continues to hold $202,170 in purported "Deferred Compensation" for loans that Plaintiff originated and that had closed in years prior to 2013.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT I
(Violation of the Maryland Wage Payment and Collection Law)

20. Plaintiff adopts herein by reference paragraphs 1 through 19 above as if fully set forth herein.

21. At all times relevant hereto, Defendant was an "employer" within the meaning of the Maryland Wage Payment and Collection Law (the "Wage Law"). Md. Code Ann., *Labor & Empl.*, § 3-501(b).

22. Until May 6, 2013, Plaintiff was Defendant's "employee" within the meaning of the Wage Law.

23. Plaintiff earned Production Commissions through his performance of work before his employment terminated. Those Production Commissions constitute "wages" under the Wage Law. Md. Code Ann., *Labor & Empl.*, § 3-501(c).

24. Notwithstanding the termination of Plaintiff's employment, Defendant was, and is, required to pay to Plaintiff any unpaid Production Commission wages on or before the day on which Defendant would have paid them had Defendant not terminated Plaintiff's employment. Defendant, however, has failed to pay Plaintiff certain Production Commissions for Plaintiff's pre-termination work.

25. Defendant's failure and refusal to comply with its obligations under the Wage Law was not due to any bona fide dispute, and therefore was willful and not in good faith. Plaintiff therefore is entitled to collect up to three times the amount of his wages owed, which total is expected to be at least $6,295,518.

WHEREFORE, Plaintiff, Joshua Hausfeld, respectfully requests entry of judgment in his favor and against Defendant, Love Funding Corporation, in an amount that exceeds $75,000 but that does not exceed three (3) times the principal wages owed, plus pre-judgment interest, post-

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

judgment interest; an award of Plaintiff's reasonable attorneys' fees and costs; and an award of such other and further relief as the Court deems just and proper.

## COUNT II
(Breach of Contract)

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

27. On or about April 14, 2010, Plaintiff and Defendant entered into an Employment Agreement, pursuant to which Defendant agreed to pay Plaintiff Production Commissions based upon loans originated by Plaintiff that generated Annual Production received by Defendant.

28. Despite Defendant's receipt of at least $3,449,766 in Annual Production for loans that Plaintiff originated, Defendant has failed and refused to pay Plaintiff corresponding Production Commissions. Moreover, Defendant has failed and refused to pay Plaintiff additional amounts of purported "Deferred Compensation" for loans that Plaintiff originated and that had closed in years prior to 2013. Defendant therefore has breached the Employment Agreement as construed by applicable law.

29. Defendant's material breaches of the Employment Agreement proximately have caused Plaintiff to suffer substantial harm and damages, as more fully claimed herein, in an amount of at least $2,098,506.

WHEREFORE, Plaintiff, Joshua Hausfeld, respectfully requests entry of judgment in his favor and against Defendant, Love Funding Corporation, in an amount that exceeds $75,000, plus pre-judgment interest and post-judgment interest; and an award of such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT III
(Declaratory Judgment)

30. Plaintiff adopts herein by reference paragraphs 1 through 29 above as if fully set forth herein.

31. This is an action for declaratory judgment pursuant to Section 3-409 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, for the purpose of determining a question of actual controversy between the parties.

32. As Defendant's former employee, and pursuant to Plaintiff's Employment Agreement and applicable law, Plaintiff is entitled to Production Commissions for work that he performed before Defendant terminated his employment. Such Production Commissions are due and owing to Plaintiff upon Defendant's receipt of Annual Production for loans that Plaintiff originated.

33. Defendant improperly is withholding from Plaintiff certain Production Commissions that correspond with Annual Production that Defendant already has received. Defendant further has communicated its intention to withhold from Plaintiff additional Production Commissions corresponding with Annual Production for loans that Plaintiff originated that have not yet closed, but that likely will close in either 2013 or 2014.

34. Plaintiff asserts that he is entitled to be paid all Production Commissions for loans that he generated prior to the termination of his employment, while Defendant asserts that it is entitled to keep Production Commissions attributable to any and all loans that closed after its termination of Plaintiff's employment.

35. Antagonistic claims are therefore present between the parties involved which indicate imminent and inevitable litigation.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

9

WHEREFORE, Plaintiff, Joshua Hausfeld, respectfully requests that this Honorable Court: (a) determine and adjudicate the rights and liabilities of the parties with respect to Plaintiff's entitlement to payment of Production Commissions for loans that he originated before Defendant terminated his employment; (b) declare that, upon Defendant's receipt of Annual Production for loans originated by Plaintiff during his employment, Defendant shall pay to Plaintiff any corresponding unpaid Production Commissions; and (c) grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____
Jeffrey M. Schwaber
jschwaber@steinsperling.com
301-354-8110 (facsimile)

Deanna L. Peters
dpeters@steinsperling.com
301-354-8131 (facsimile)
25 West Middle Lane
Rockville, MD 20850
301-340-2020

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and issues so triable in this civil action.

_____
Jeffrey M. Schwaber

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301.340.2020